In the Matter of the Claim of MARIE MILLS, Respondent, v. CITY OF NEW YORK, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.

*Per Curiam.* Appeal by the self-insured employer from a decision of the Workmen's Compensation Board reversing a decision of the Referee and awarding compensation to claimant. The claimant is suffering from a disease known as pemphigus. The claimant testified that, as she was working on urines from alloxanized rabbits, urine splashed on her hands and that she developed pemphigus as the result of inadvertently putting her hands on her face and body. The board found that the claimant contracted pemphigus, an occupational disease by reason of the nature of her work which involved exposure to the urine of alloxanized rabbits, a natural hazard of her occupation as a bacteriologist. There is in the record no medical evidence of causal relation between rabbit urine and the disease. The record contains a doctor's memorandum that exposure to urine of rabbits "cannot by any stretch of the imagination cause this condition", which he described as pemphigus, a serious skin disease. The impartial skin specialist to whom the case was referred stated: "In conclusion there is no connection with the claimant's work or with her coming in contact with alloxanized rabbits' urine. The cause of pemphigus is unknown." The physician who had been the claimant's supervisor at Kings County Hospital stated: "It is possible that her exposure to infective

and biological materials may be related to the development of h disease. At least we cannot say yes nor can we say no. Hence, in my opinion, she should receive the benefit of the doubt". The medical evidence offered in behalf of the claimant does not rise to the level of substantial evidence (*Matter of Miller* v. *National Cabinet Co.*, 8 N Y 2d 277). The claimant relies on a statement in the employer's report of injury which states that the claimant splashed urine on her hands while working on urines from alloxanized rabbits, inadvertently put her hands on her face and body and developed sores later diagnosed as pemphigus. This report of injury was signed by Jacob B. Glenn, the employer's deputy medical superintendent. But the same physician filed an attending physician's report and, in answer to the question whether the accident or injury described by the claimant was the competent producing cause of the claimant's condition, he stated unequivocally "Unknown". Although the claimant relied on a specific incident the board found an occupational disease "by reason of the nature of her work". There is, however, in the record a statement on the employer's letterhead addressed "To whom it may concern" and signed by a bacteriologist. This memorandum recites: "For several years her work consisted of performing urinalysis, blood counts and various allied determinations. In the routine performance of her work, she came into direct contact with specimens of blood, urine and other substances brought from the various wards of the hospital." In view of the statement of the employer's bacteriologist indicative of occupational disease by reason, as the board said, of the nature of the claimant's work, it is possible that, upon remittal, the record with respect to causal relation through occupational hazard may be further developed and, in view of the employer's bacteriologist's statement, we think the claimant should have such an opportunity. Decision reversed and matter remitted, with costs to appellant against the Workmen's Compensation Board. Herlihy, J. P., Reynolds, Taylor, Aulisi and Hamm, JJ., concur.